People v Acosta (2025 NY Slip Op 04527)

People v Acosta

2025 NY Slip Op 04527

Decided on July 31, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 31, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Ind No. 70772/23|Appeal No. 4415|Case No. 2023-06126|

[*1]The People of the State of New York, Respondent,
v
Adrian Acosta, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliot R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven Hornstein, J. on motion to dismiss; Audrey Stone, J. at plea and sentencing), rendered November 17, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant's valid waiver of his right to appeal forecloses review of his claim that his weapon possession conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453, 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
As an alternative holding, defendant lacks standing to assert a Second Amendment challenge to New York's gun-licensing regime because he did not apply for a license (see People v Johnson, 225 AD3d at 455 [1st Dept 2024]; see also United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Defendant's conclusory assertion that an application would have been futile because he did not meet the minimum age requirement under Penal Law § 400.00(1)(a) fails to constitute a "substantial showing of futility" (Antonyuk v James, 120 F4th 941, 978-979 [2d Cir 2024], cert denied — US —, 2025 WL 1020368 [2025]) sufficient to excuse the "threshold requirement for standing" (Jackson-Bey v Hanslmaier, 115 F3d 1091, 1096 [2d Cir 1997]) since applicants may be exempted from the age restriction under certain conditions (see Penal Law § 400.00[1][a]). Moreover, we find that defendant has failed to establish that his conviction is unconstitutional under Bruen (597 US 1).
In addition to the bar of the appeal waiver, defendant's arguments that it would have been futile to seek a license for a large capacity ammunition feeding device are unpreserved (see People v Archibald, 225 AD3d 548, 549 [1st Dept 2024], lv denied 41 NY3d 1016 [2024]) and moot (see People v Watts, 234 AD3d 620, 621 [1st Dept 2025]). Nor has defendant established that the ban on large capacity ammunition feeding devices is unconstitutional under Bruen (see e.g. Archibald, 225 AD3d at 549).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
However, based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 31, 2025